```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JAMES RANDOLPH PAYNE,

           Petitioner,

vs.                                        Case No.  2:10-cv-511-FtM-29DNF
                                                    Case No.  2:06-CR-17-FtM-29DNF

UNITED STATES OF AMERICA,

           Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner James R. Payne's Motion to Vacate, Set Aside, or Correct Sentence § 2255 (Cv. Doc. #1, Cr. Doc. #70)[1] filed on August 20, 2010.  The United States filed a Response seeking to dismiss the § 2255 motion as untimely.  (Cv. Doc. #9.)  Petitioner filed a Reply Motion.  (Cv. Doc. #12.)

**I.**

On January 18, 2006, a grand jury returned a three count Indictment against James Randolph Payne (Payne or petitioner) charging him with conspiracy to distribute a substance containing a detectable amount of methamphetamine (Count One), possession with intent to distribute a substance containing a detectable amount of

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order.  The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

methamphetamine (Count Two), and possession with intent to distribute a detectable amount of marijuana (Count Three). (Cr. Doc. #1.) On June 28, 2006, petitioner pled guilty to Count One of the Indictment pursuant to a Plea Agreement providing that the remaining two counts would be dismissed. (Cr. Doc. #31.) Petitioner's guilty plea as to Count One was accepted the same day. (Cr. Doc. #33.)

On November 27, 2006, petitioner was sentenced to a term of 210 months imprisonment and 3 years supervised release. (Cr. Docs. ## 45, 65.) Petitioner was scored as a career offender under United States Sentencing Guidelines (USSG) § 4B1.1 based on a 1991 aggravated battery conviction and a 1987 burglary conviction. (Presentence Report (PSR) ¶32.) Although the career offender designation did not affect petitioner's base offense level score, (PSR ¶36), it did increase his criminal history category from Category IV to Category VI (PSR ¶¶ 47, 48). Petitioner filed a Motion for a Departure Sentence (Cr. Doc. #43) predicated upon the staleness of the prior convictions, which the Court granted, reducing the criminal history category from VI to V. (Cr. Docs. ## 46, 65.) The 210 month sentence fell at the low end of the adjusted Sentencing Guidelines range. (PSR ¶84 & page 20, Cr. Doc. #65.) Counts Two and Three were dismissed. (Cr. Docs. ## 45, 65.) Judgment was entered on November 28, 2006. (Cr. Doc. #45.)

On December 6, 2006, petitioner filed a direct appeal with the United States Court of Appeals for the Eleventh Circuit (Cr. Doc. #48.) On December 26, 2007, the Eleventh Circuit dismissed the petitioner's appeal based on the valid appeal waiver in the petitioner's Plea Agreement. (Cr. Doc. #69.) Petitioner did not file for a writ of certiorari with the United States Supreme Court.

Petitioner now brings this 28 U.S.C. § 2255 motion, which read liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), sets forth a single claim. Petitioner asserts that under the intervening decision of Johnson v. United States, 130 S. Ct. 1265 (2010), his 1991 aggravated battery conviction does not qualify as a violent felony, and therefore he does not qualify as a career offender under USSG § 4B1.1, his sentence must be vacated, and he must be re-sentenced.

## II.

The United States argues in its Response that petitioner's motion is untimely under § 2225(f). (Cv. Doc. #9, p. 4.) Read liberally, petitioner responds that his § 2255 motion is timely because he is entitled to statutory tolling or, alternatively, he is entitled to consideration of the § 2255 motion based upon his actual innocence of the career offender enhancement. (Cv. Doc. #12.) The Court addresses each issue.

**A. Statute of Limitations**

A § 2255 motion is ordinarily subject to the one year limitations period in 28 U.S.C. § 2255(f). Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A petitioner has one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

The statute of limitations for petitioner began to run when his conviction became final. 28 U.S.C. § 2255(f)(1). Because a petition for *certiorari* was not filed with the United States Supreme Court, the conviction becomes final at the end of the 90 day period during which petitioner could have filed such a petition, i.e., 90 days after entry of the appellate court's judgment. Clay v. United States, 537 U.S. 522, 532 (2003);

Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). The Eleventh Circuit entered its order dismissing petitioner's appeal on December 26, 2007. The 90 day period expired on March 26, 2008, which is the date petitioner's conviction became final. Petitioner thus had until Thursday, March 26, 2009 to file a § 2255 motion.

Petitioner signed his §2255 Motion on August 14, 2010, and it was filed with the court on August 20, 2010. Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the § 2255 motion to have been filed on August 14, 2010. The § 2255 motion was still filed almost seventeen months after the expiration of one year time period. Therefore, petitioner's motion is time-barred unless another statutory provision re-starts the time or the default is excused.

Petitioner asserts that his § 2255 motion is timely under § 2255(f)(3) or that its untimeliness is excused on the basis of his actual innocence of the enhancement. The Court addresses each argument.

**B. Section 2255(f)(3)**

In his reply motion, petitioner asserts he "timely filed pursuant to § 2255(f)(3), within one year of the retroactive Johnson decision." (Cv. Doc. #12.) The one year period under § 2255(f)(3) is only applicable if the "right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). <u>Johnson</u> was decided on March 2, 2010, so Petitioner did file the § 2255 motion within a year of <u>Johnson</u>. The Court concludes, however, that the § 2255 motion is untimely because <u>Johnson</u> is not retroactive.

In <u>Johnson</u>, the Supreme Court considered whether the Florida felony battery offense under Fla. Stat. § 784.03(1)(a), (2) (2003) was a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The Supreme Court determined that in order for a crime to be a violent felony, it must involve "violent force," further defined by the Court as "force capable of causing physical pain or injury to another." <u>Johnson</u>, 130 S. Ct. at 1271. <u>Johnson</u> concluded that because criminal liability under § 748.03(1)(a) is satisfied by <u>any</u> intentional physical contact, no matter how slight, that crime does not have the use of physical force as an element, as required by the ACCA definition of "violent felony." <u>Johnson</u>, 130 S. Ct. at 1269-71.

"[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); <u>In re Joshua</u>, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). An examination of

the Court's opinion in Johnson reveals it was not made retroactive to cases on collateral review. Johnson does not use the word "retroactive," let alone discuss application to cases of collateral review. See In re Patterson, No. 10-13445-D, 2010 U.S. App. LEXIS 26606, at *3 (11th Cir. Aug. 12, 2010) ("In Johnson, the Supreme Court did not discuss the applicability of its ruling as to retroactivity on collateral review and, thus, did not explicitly make the case retroactive on collateral review."). See also Berryhill v. United States, Case No: 8:11-cv-444-T-30MAP, 2011 U.S. Dist. LEXIS 110880, at *3 (M.D. Fla. Sept. 28, 2011) (same); Jackson v. United States, Case No: 8:10-cv-2000-T-27TBM, 2011 U.S. Dist. LEXIS 101056, at *7 (M.D. Fla. Sept. 8, 2011) (same); Crawford v. United States, Case No. 8:11-cv-1866-T-30TGW, 2011 U.S. Dist. LEXIS 94291, at *5 (M.D. Fla. Aug. 23, 2011) (same); Rogers v. United States, Case No. 8:10-cv-1873-T-27EAJ, 2011 U.S. Dist. LEXIS 91911, at *9 (M.D. Fla. Aug. 17, 2011) (same); Hires v. United States, Case No. 8:11-Cv-388-T-30TGW, 2011 U.S. Dist. LEXIS 90040, at *5 (M.D. Fla. Aug. 12, 2011) (same); United States v. Waddy, Case No. 8:11-cv-892-T-23MAP, 2011 U.S. Dist. LEXIS 78724, at *2 (M.D. Fla. July 20, 2011) (same); McGowan v. United States, Case No. 8:10-CV-2526-T-30EAJ, 2011 U.S. Dist. LEXIS 65677, at *6 (M.D. Fla. June 21, 2011) (same); Tarver v. United States, Case No. 8:10-CV-2529-T-30MAP, 2011 WL 2970089, at *2 (M.D. Fla. June 20,

2011) (same). Since <u>Johnson</u> has not been found retroactive, § 2255(f)(3) does not apply to petitioner.

**C. Fundamental Miscarriage of Justice or Actual Innocence**

The core assertion in petitioner's motion is that he is actually innocent of the sentencing enhancement because of <u>Johnson</u>. (Cv. Doc. #1, Cr. Doc. #70.) Petitioner argues that <u>Johnson</u> removes his Florida aggravated battery conviction from consideration as a violent felony. Relying on <u>Small v. Florida</u>, 889 So. 2d 862 (Fla. 1st DCA 2004), petitioner argues that his 1991 conviction for aggravated battery does not rest upon the use of physical force, but rather only simple battery. Petitioner is incorrect.

A court may excuse a petitioner's procedural default such as untimeliness if Petitioner establishes (1) cause and prejudice or (2) a miscarriage of justice or actual innocence. <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011). Neither the United States Supreme Court nor the Eleventh Circuit has ever held that the Constitution requires an actual innocence exception to the one-year limitations period of § 2255(f) in the context of non-capital sentencing. <u>McKay</u>, 657 F.3d at 1197; <u>Johnson v. Fla. Dep't of Corr.</u>, 513 F.3d 1328, 1333 (11th Cir. 2008). Assuming the actual innocence exception does apply in a non-capital sentencing context such as this, <u>McKay</u> held that it would not apply where a petitioner's claim is one of legal, rather than factual, innocence.

Id. at 1197. It is well settled that actual innocence "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); Lynn v. United States, 365 F.3d 1225, 1235 n.18 (11th Cir. 2004). Additionally, the Eleventh Circuit has declined "to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." McKay, 657 F.3d at 1199.

Petitioner's claim is one of legal innocence and not one of factual innocence. He does not claim, and has never claimed, he did not commit the aggravated battery. Rather, he claims actual innocence of his career offender sentence in light of Johnson. This is a claim of innocence based upon a legal standard, not a claim of innocence based upon not having committed the predicate offense.

> McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of factual innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well. Thus, even if the actual innocence exception were to extend to the noncapital sentencing context (a question we need not decide), this exception would not apply to McKay's claim of legal innocence and thus could not excuse his procedural default.

McKay, 657 F.3d at 1199 (footnote omitted). Petitioner's argument therefore does not operate to excuse his procedural default.

Actual innocence does not excuse a procedural default because a defendant cannot be convicted of being guilty of the career offender enhancement. Guyton v. United States, 2011 WL 5839709 (11th Cir. 2011).

Further, Johnson would not even provide a basis of legal innocence for petitioner. Johnson concluded that "in the context of a statutory definition of 'violent felony' the phrase 'physical force' means 'violent force' - that is, force capable of causing physical pain or injury to another person." Johnson, 130 S. Ct. at 1271. Aggravated battery under Florida law is defined as follows:

> (1)(a) A person commits aggravated battery who, in committing battery:
>
>> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
>>
>> 2. Uses a deadly weapon.
>
> (b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.
>
> (2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 784.045. Petitioner's argument regarding his 1991 aggravated battery conviction[2] turns on the interplay between Small

---

[2] Payne's 1991 conviction for aggravated battery resulted from an incident in December 1990. The aggravated battery statute has not changed between 1990 and 2011. Compare Fla. Stat. § 784.045 (1990) with Fla. Stat. § 784.045 (2011).

-10-

v. Florida, 889 So. 2d 862 (Fla. 1st DCA 2004), and Johnson. In Small the portion of the aggravated battery statute considered was § 784.045(1)(b), which pertains to battery of a pregnant victim when the offender knew or should have known that the victim was pregnant. Small, 889 So. 2d at 863. But neither Small nor § 784.045(1)(b) apply to petitioner's case.

The Presentence Report establishes that petitioner's aggravated battery did not involve a pregnant person, since the charge arose from an altercation with a man who had stopped to help the petitioner. The report discloses that, "upon returning to the vehicle, he [the passerby victim] was attacked by Payne." (PSR ¶46, emphasis added.) Petitioner did not object the factual allegations in the PSR, and therefore is deemed to have admitted them. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). The Court may consider undisputed facts in a Presentence Report to determine a defendant's career offender status. United States v. Anderson, No. 11-11085, 2011 WL 4862955, at *1 (11th Cir. Oct. 14, 2011) (citing United States v. Beckles, 565 F.3d 832, 844 (11th Cir.) cert. denied, 130 S. Ct. 272 (2009)). Payne's conviction was under the 1990 aggravated battery statute, the elements of which are (1) to knowingly cause great bodily harm, permanent disability or permanent disfigurement; or (2) with use of a deadly weapon. Fla. Stat. § 784.045(1)(a) (1990); Florida v. Williams, 9 So. 3d 658, 660 (Fla. 4th DCA 2009). The Presentence Report does not

indicate the presence of a deadly weapon, and committing a battery which causes "great bodily harm, permanent disability or permanent disfigurement," Fla. Stat. § 784.045(1)(a)(1), clearly qualifies as a violent felony under Johnson.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence § 2255 (Cv. Doc. #1, Cr. Doc. #70) is **DISMISSED AS UNTIMELY** for the reasons set forth above.

2. The Clerk of the Court shall enter judgement accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)

or, that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of December, 2011.

/s/ John E. Steele

JOHN E. STEELE
United States District Judge

Copies:
    James Randolph Payne
    Robert P. Barclift, AUSA